IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CV-14-D(3)

| | | |
|---|---|---|
| DOROTHY ESPINOZA o/b/o, <br> CHRISTIAN ELIJAH HANNAH, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER** |

Plaintiff, acting through his mother, seeks review of Magistrate Judge Webb's Memorandum and Recommendation ("M&R"). In the M&R, Judge Webb concluded that the Commissioner had properly denied plaintiff's claim for Supplemental Social Security Income ("SSI"). Accordingly, the M&R recommended that plaintiff's motion for judgment on the pleadings be denied [D.E. 18], that defendant's motion for judgment on the pleadings be granted [D.E. 21], and that defendant's final decision denying the request for benefits be affirmed. On November 5, 2008, plaintiff filed objections to the M&R [D.E. 29]. On November 13, 2008, defendant filed a response to plaintiff's objections [D.E. 31]. As explained below, the court overrules plaintiff's objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quotation omitted, emphasis removed, and alteration in original). Absent a timely

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections to the M&R. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record. As for plaintiff's objections, the court has conducted a de novo review of the objections and the entire record. In doing so, the court has applied the standard that Judge Webb described in the M&R. See M&R 3–4. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see 42 U.S.C.A. § 405(g) (West Supp. 2007). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

Plaintiff objects that the administrative law judge ("ALJ") failed to review the entire record and failed to discuss the entire record, including those portions of the evidence that supported plaintiff's claim for SSI. An ALJ, however, need not discuss every piece of evidence in the record. See, e.g., Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam); Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir. 1989). The Commissioner (through the ALJ) comprehensively examined the entire record and plaintiff's arguments. See Tr. 17–27. Judge Webb did as well. See M&R 5–18. This court agrees with the conclusions set forth in the M&R. See id.

2

II.

Accordingly, plaintiff's objections to the M&R [D.E. 29] are OVERRULED. Further, plaintiff's motion for judgment on the pleadings is DENIED, defendant's motion for judgment on the pleadings is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED.

SO ORDERED. This **25** day of November 2008.

JAMES C. DEVER III
United States District Judge